UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

VISION INSIGHT BUSINESS TRUST                    Case No. 25-12793

Debtor.

---

## DECISION

---

### PROCEDURAL HISTORY

Vision Insight Business Trust ("Debtor") filed a voluntary Chapter 7 petition on December 30, 2025. The Debtor is pro se. The petition lists as its principal place of business 6580 Monona Drive #1032, Monona, WI. No phone number or email address have been provided for the Debtor or its trustee.

On December 30, the clerk's office sent a notice of incomplete filings due by January 13, 2026. The next day the Court issued an Order to Show Cause ("Order") to show why the petition should not be dismissed as void ab initio. That same day, the U.S. Trustee moved to dismiss the case, deem the case void ab initio, and that a bar to refiling be imposed (the "Motion"). Each of these notices was sent to the Debtor's listed principal place of business. No other mailing address has been provided by the Debtor.

Except Schedule D, no schedules have been filed as of January 15. Hearings on the Order and Motion are scheduled for January 20. There are no objections.

1

The Court held a hearing on the Motion and the Order To Show Cause on January 20, 2026. Notice of the hearing was sent to the Debtor as appear by the Certificates of Mailing. No responsive pleading was filed and the Debtor failed to appear.

The Court conducted the hearing, ruled, issued a Proceeding Memo Order and reserved the right to reduce its oral ruling to writing. This constitutes the Court's written decision dismissing the case as void ab initio and imposing a two year bar to refiling.

## BACKGROUND

Debtor's petition says it is a business trust. When asked to describe the Debtor's business, the response on the petition is "None of the above."

It appears the address of the Debtor is a Staples Store. While this is a mailing address there is no indication the Debtor resides at this address or conducts any business from this address. Neither does it appear to be the location of Debtor's principal assets. The petition is signed by Terry Miller ("Miller") who is listed as the trustee. No attorney has appeared representing the Debtor. And there is no signature of an attorney in the petition.

Schedule D is the only schedule filed as of January 15. The petition denies Debtor filed any prior bankruptcy cases within the past 8 years. It states that no bankruptcy cases are pending or being filed by a business partner or affiliate of the Debtor. The current case is the only filing in the Debtor's name in this District's records. According to the petition, Debtor has had its

2

principal place of business, assets, or domicile in this District for at least 180 days.

## DISCUSSION

*I. Jurisdiction*

This Court has jurisdiction under 28 U.S.C. sections 1334 and 157(b)(1). This matter deals with an order to show cause and a motion to dismiss a bankruptcy case. This is a core proceeding under sections 157(b)(2)(A) and 157(b)(2)(G). The Court may enter final judgment.[1]

*II. Motion to Dismiss for Cause*

Section 707(a) of the Bankruptcy Code provides that a court may dismiss a case only after a hearing and only for cause, including:

**(1)** unreasonable delay by the debtor that is prejudicial to creditors.

**(2)** nonpayment of any fees or charges…; and

**(3)** failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.[2]

Section 521(a) requires a debtor shall file (i) a schedule of assets and liabilities unless a court orders otherwise and (ii) a statement of the debtor's financial affairs.

---

[1] *See* 28 U.S.C §157(b)(1).
[2] 11 U.S.C. § 707(a).

3

Cause is not defined in the Bankruptcy Code. And the examples given in section 707(a) are illustrative, not exclusive.[3] A court's decision to dismiss a case for cause under 707(a) is shaped by equitable considerations and is committed to the sound discretion of the court.[4]

The Trustee argues that the case should be dismissed for cause. The Trustee says the Debtor is ineligible to receive a Chapter 7 discharge. The Trustee also contends that the secured debt encumbering the Property exceeds its value. Lastly, the Trustee asserts the case is not filed in good faith.

The Trustee is correct that the Debtor is ineligible for a Chapter 7 discharge because a business trust is not an individual under section 727(a)(1).[5] The Trustee is also correct that the secured debt encumbering the Property exceeds its value. The petition says the value of the Property is $561,400. Deutsche Bank's claim is alleged to be $652,100. Without more information about the Debtor's financial state through its schedules and statement of financial affairs, the purpose of Debtor's bankruptcy is hindered. These factors may be sufficient grounds for the Court to dismiss the case for cause.

Cause exists for other reasons. First, the Debtor has failed to file its Summary of Assets and Liabilities and Statement of Financial Affairs within fifteen days of filing its petition and on motion by the Trustee. Pursuant to

---

[3] *See In re Mulberry Dev., LLC*, 667 B.R. 399, 400 (Bankr. S.D.N.Y. 2025).
[4] *See id.*
[5] *See* 11 U.S.C. § 727.

4

section 707(a)(3), failure to file information as required by section 521(a) qualifies as cause. And so, the Court may dismiss the case under section 707(a)(3).

Second, it appears the Debtor has caused an unreasonable delay that is prejudicial to creditors. Under section 707(a)(1), unreasonable delay by a debtor that is prejudicial to creditors is an example of cause. That said, the mere fact that creditors are stayed from collecting debts during the pendency of bankruptcy proceeding is not the kind of prejudice that constitutes cause to dismiss.[6]

Debtor is the owner of a 9% interest in the Property as a tenant in common. The other owners are Grant B. Barber, Bottom Line Business Trust, Commerce Fund Business Trust, Elite Executive Business Trust, Harmony Ventures Business Trust, Liberty Capital Business Trust, Love and Affection Business Trust, Prestige Holdings Business Trust, and Barber Homes Inc. Records of the Gwinnette County Georgia indicate the primary owner is Love and Affection Business Trust in Norcross, Georgia.

Although this is the Debtor's first bankruptcy under the name Vision Insight Business Trust in this District, the Property appears to have been subject to at least ten prior bankruptcy filings. Nine of the filings were made by Brant Barber. Each of those cases was filed in the Northern District of Georgia.

---

[6] *See In re Mulberry Dev., LLC*, 667 B.R. 399, 403 (Bankr. S.D.N.Y. 2025).

5

Undeterred by the dismissal of all but a 2011 filing by Mr. Barber, a bankruptcy was filed in South Dakota by ABC 21 Business Trust (identifying the Property as its asset). Then a case was filed in in the Central District of California by Harmony Venture Business Trust (also listing the Property as its asset).

Apart from a 2011 chapter 7 in which Mr. Barber received a discharge and the last case filed by Mr. Barber that was voluntarily dismissed, all of these cases were dismissed involuntarily. In each case the debtors either failed to appear or failed to file required documents.[7]

In Brant Barber's Chapter 13 case filed in 2022, the Northern District of Georgia's Bankruptcy Court identified Barber's procedural history. It included repeated failures to file required information or to other failures.

The prior filings suggest a pattern. The Property is mentioned in all the prior cases except case no. 25-41826. Most petitions estimate 1-49 creditors. Some petitions note $0-50,000 in estimated assets. While other petitions estimate $100,001-$500,000 in estimated assets. And most petitions state $100,001 to $500,000 in estimated liabilities. Deutsche Bank is listed in most of the prior petitions. Similarly, Paychex, Inc., Select Loan Servicing LLC, and

---

[7] The repeated filings related to the Property are: 11-78092 N.D. Ga. Brant Barber Discharged 1/18/12; 13-59757 N.D. Ga. Brant Barber Dismissed, involuntary 6/11/13; 14-62476 N.D. Ga.    Brant Barber Dismissed, involuntary 8/4/14; 15-50085 N.D. Ga. Brant Barber Dismissed, involuntary 1/28/15; 17-52300 N.D. Ga. Brant Barber Dismissed, involuntary 3/9/17; 17-65202 N.D. Ga. Brant Barber Dismissed, involuntary 9/25/17; 18-60722 N.D. Ga. Brant Barber    Dismissed, involuntary 8/2/18; 18-68433 N.D. Ga. Brant Barber Dismissed, involuntary 12/6/18; 22-50007 N.D. Ga. Brant Barber Dismissed, voluntary 1/27/22; 22-40294 S.D. ABC 21 Business Trust Dismissed, involuntary 10/31/22; 25-41826 N.D. Cal. Harmony Venture Business Trust Dismissed, involuntary 10/16/25.

Rubin Lublin, LLC, appear in the creditor matrix in several of the petitions. As noted in Barber's procedural history, most cases were dismissed for failure to file information. The cases were also dismissed shortly after the filing of the petition.

The ABC 21 Business Trust case was dismissed following an order to show cause with the record confirming the Debtor failed to comply with the order, file documents, appear and for cause shown. The same can be said of the Harmony Venture Business Trust case.

The current case as well as prior filings have caused an unreasonable delay that is prejudicial to creditors. The Property has been affected by bankruptcy proceedings for over ten years. Thus, the Court may dismiss for cause under section 707(a)(1).

Finally, the petition was not signed by an attorney authorized to practice business in this Court. So, it is an unsigned paper under Fed.R.Bankr.P. 9001(a).

*III. Order to Show Cause*

The Court entered an order to show why Debtor's petition should not be dismissed as void ab initio. An entity such as a trust cannot file a bankruptcy petition pro se. It must be represented by an attorney.

The Debtor alleges it is a business trust. But the Debtor is not represented by an attorney licensed to practice in this Court. Artificial entities may not

appear in court unless it is represented by an attorney.[8] The Supreme Court notes "it has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."[9] The Second Circuit observes that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se."[10] This rationale has been expanded to artificial entities such as trusts.[11] Business trust is included in the definition of "corporation" under section 101(9)(v).[12]

In this matter, Debtor is not represented by an attorney. Instead, the Debtor is represented by a person it lists as its trustee, Miller. Miller does not appear to be an attorney. Further, section 18 of the Chapter 7 petition, the signature of attorney section, is blank. Thus, the Court may dismiss the case considering the Debtor's failure to be represented by a licensed attorney. And the Debtor has failed to comply with the Code by failing to file all necessary papers by their due date.

*IV. Void Ab Initio*

A Court may deem the petition void ab initio due to a substantially defective petition. Collier provides:

---

[8] *See Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 U.S. Dist. LEXIS 50454, at *9 (E.D. Mich. Feb. 28, 2019).
[9] *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L.Ed.2d 656, 666 (1993).
[10] *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).
[11] *See Williams Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 U.S. Dist. LEXIS 50454, at *10 (E.D. Mich. Feb. 28, 2019).
[12] *See* 11 U.S.C. §101(9)(v).

Most other defects in petitions are handled similarly, with the party filing the petition given an opportunity to cure the defect before the petition is stricken or found invalid. Rule 9005 provides that, when appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights. There are few defects, if any, that would be so substantial as to render the petition void ab initio. Presumably, a petition that does not contain the name of any debtor would be insufficient to commence a case since it would have no effect. Similarly, a petition that does not specify a chapter under which relief is sought might also be deemed a nullity. A petition filed by a corporate or non-individual debtor who is not represented by counsel may be treated as a nullity, since non-individual entities may only appear in federal court through a licensed attorney. However, the Court of Appeals for the Seventh Circuit has held that the rule requiring corporations to be represented by counsel is not jurisdictional, and that an amended petition signed by corporate counsel may relate back to the date of the original, flawed petition.[13]

A corporation filing a case without counsel does not always mean it is a nullity. Courts have found that cases filed by entities ineligible to be debtors are subject to dismissal, rather than an assertion that the case was void ab initio. In *Orsini v. Interiors of Yesterday*, the court held that a Chapter 7 petition of an artificial entity was not void ab initio because any defect was cured by an appearance of counsel for the debtor.[14] And that appearance was reasonably prompt.[15]

Here, however, no steps have been taken to cure the defect and submit a petition signed by an attorney. Further, Debtor has failed to file all required

---

[13] 9 Collier on Bankruptcy P 1002.02.
[14] *See Orsini v. Interiors of Yesterday*, 284 B.R. 19, 27 (Bankr. D. Conn. 2002).
[15] *See id.*

9

papers by their due date. Other than a bare bones short filing Debtor has not complied with the Code.

*V. Barring the Debtor from Refiling*

A court may find and conclude a debtor has abused the bankruptcy system as part of a scheme to delay and thwart his creditors. Section 109(g)(1) provides that a court may issue a 180-day bar on refiling if a debtor's case was dismissed for "willful failure of the debtor to abide by orders of the court."[16] Under sections 105(a) or 349(a), bankruptcy courts have the power to sanction bad-faith serial filers by prohibiting further filings and have done so for more than the 180 days allowed pursuant section 109(g)(1). To determine whether a filing is made in bad or good faith is based on the totality of the circumstances.[17]

In *In re Steiner*, a court found that a debtor timed her bankruptcy filing to avoid eviction. The court noted it was the debtor's tenth bankruptcy case.[18] The debtor had filed at least thirteen unconfirmable plans, including the fact a proposed plan ran more than 99 months.[19] The court ruled that a bar for one year was warranted for the debtor's egregious conduct and abuse of the bankruptcy system.[20]

---

[16] *See* 11 U.S.C. § 109(g)(1).
[17] *See In re Steiner*, No. 20-41952-can13, 2022 Bankr. LEXIS 348, *9 (Bankr. W.D. Mo. Feb. 10, 2022).
[18] *See id.* at 2.
[19] *See id.* at 7.
[20] *See id.* at 14.

There is a pattern of abuse in this case. The Property has been mentioned in at least ten property filings by three other debtors. Except for a 2011 case by Mr. Barber and a case voluntarily dismissed by him, all prior petitions affecting the Property were dismissed due to incomplete filings, defective documents, or for other reasons.

It also appears that the current case was filed in bad faith. The petition says Debtor's principal place of business is 6580 Monona Dr. #1032, Monona, WI. That address is a Staples Store. There is no evidence that address is the location where management directs, controls or coordinates all activities. Neither is there any evidence that it is the location of key records or where executives work. The Property, which appears to be the sole asset of the Debtor, is located in Georgia. Debtor is simply a 9% tenant in common in the Property and does not appear to be its principal owner or manager. The debt against the Property far exceeds its value so it appears there would be nothing available for a trustee to administer or for unsecured creditors. The repeated filings associated with the Property coupled with the failure to complete or prosecute the cases and filings in multiple jurisdictions demonstrate a lack of good faith and an abuse of the bankruptcy process. And the pattern of conduct demonstrates an intention to hinder and delay creditors.

Section 1408 of title 28 governs venue. A case may be commenced in the district court for the district:

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the

11

subject of such case have been located for the one hundred and eighty days immediately preceding such commencement...[21]

A principal place of business refers to the place where the corporation's officers' control, direct, and coordinate the corporation's activities.[22] In the absence of an explicit statutory directive, courts have often treated unincorporated associations such as trusts as analogous to corporations when determining venue. Courts have held that venue is proper if it would be proper under the applicable jurisdictional statute pertaining to residence of corporations.[23]

Section 180.0501(1m) of the Wisconsin Statues states:

Each corporation shall designate and maintain a registered office and registered agent in this state... [t]he registered office must be an actual physical location with a street address and not solely a post office box, mailbox service, or telephone answering service.[24]

Under section 180.0501(1m), a P.O. Box may not be a registered office of a corporation. If #1032 refers to a P.O. Box designated to the Debtor, then the Debtor is not operating from a valid principal place of business under Wisconsin law. Thus, venue would be improper.

Further, the prior Chapter 7 case was filed in the Northern District of California's Bankruptcy Court and was dismissed on October 10, 2025. If that

---

[21] 28 U.S.C. § 1408.
[22] 1 Collier on Bankruptcy P 4.02.
[23] *See id.*
[24] Wis. Stat. § 180.0501(1m). There is no definition for registered office. But "principal office" means the office, whether in or outside this state, of a domestic corporation. *See* Wis. Stat. § 180.0103(12).

case could be connected to the Debtor, then the Debtor has falsely claimed its principal place of business has been in this District for 180 days before the filing of this bankruptcy case.

Finally, Gwinnet County's public records show that the Property is owned by eleven owners, nine of which are business trusts. Barber Homes Inc., Barber Brant B, Debtor, and Harmony Venture Business Trust are included in the ownership list. Love and Affection Business Trust is listed as the primary owner of the Property. Each of the owners holds a 9% interest in residential property. Yet if each owner holds a 9% interest in the Property, then that puts majority ownership into question. If the Debtor's stake is 9%, that would mean it has mischaracterized the value of the Property as $561,400 in its petition.

There appears to be sufficient egregious conduct and abuse of the bankruptcy system for this Court to bar the Debtor from refiling for a period this Court believes fit.

## CONCLUSION

For these reasons, the Court grants the Trustee's Motion to Dismiss, declares the case void ab initio, and bars the Debtor from refiling for two years.

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: January 29, 2026

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge